UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

**P. STEPHEN LAMONT**

**Plaintiff,**

**v.**

**JOHN PETRUCELLI**

**Defendant.**

**JURY TRIAL DEMANDED**

**DOCKET NO:**

# 18CV6642

**COMPLAINT**

## COMPLAINT FOR CONVERSION OF PERSONAL PROPERTY

### NATURE OF THE ACTION

This is an action for compensatory and punitive damages, proximately the result of conduct engaged in by the Federal defendant while acting and having devised schemes and artifices to obtain money or property by means of false or fraudulent pretenses, representations, or promises, in violations of Plaintiff's property rights.

### JURISDICTION AND VENUE

RECEIVED
SDNY DOCKET UNIT
2018 JUL 24  AM 11:07

2018 JUL 24  AM 11:07
SDNY DOCKET UNIT
RECEIVED

2.    This Court has original jurisdiction over this civil action as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States under 28 U.S.C. §1332.

3.    By 28 U.S.C. §1332, Plaintiff proceeds in this Court under diversity of citizenship as Plaintiff is a resident of the State of California, Federal defendant is based in Port Chester, New York.

4.    Venue is proper in this district pursuant to 28 U.S.C. §1391 because a significant portion of the Plaintiff's business is transacted in the State of California and for those Defendants that do not, and for the sake of judicial expediency, this Court has supplemental jurisdiction over all other Defendants that are so related to claims in the actions of the parties within such original jurisdiction that they form the Court's jurisdiction.

**PARTIES**

5.    Plaintiff, P. STEPHEN LAMONT (hereinafter "Lamont"), is a *sui juris* resident of Santa Clara, California, a public figure, a graduate of Columbia Law School, the 8th ranked CEO for private technology companies in Silicon Valley, a co- inventor of streaming video under U.S. Patent Appl. No. 09/587,026 enjoyed by 70 percent of U.S. households, and operates on a world stage from the Seattle to San Diego technology corridors and many places in between residing at [confidential], Santa Clara, California.

6.     Federal defendant JOHN PETRUCELLI (hereinafter "Petrucelli") is a *sui juris* business executive with a principal residence of 93 Casper Court, Port Chester, N.Y. 10573.

## STATEMENT OF FACTS

7.     On or about March 1, 2004, Lamont took up residency at 35 Locust Avenue, Rye, New York 10580 together with his then 2-year-old son, SL, under a one year lease.

8.     Lamont renewed the lease year in and year out notwithstanding the disrepair of the property which violated the warranty of habitability of the property as follows:

    a. In a third-floor walk-up attic, the window was missing resulting in SL's room being so cold that SL slept in the master bedroom with Lamont, which Lamont ultimately repaired at his own expense;

    b. Every window on the first and second floor had springs that were broken and the window would not stay open, which Lamont repaired at his own expense, where if not and a fire erupted, 2-year-old SL would not be able to escape; and

    c. No light switch in the property worked, which Lamont repaired at his own expense, where dangerous conditions existed when no lights were on and Lamont and SL might have had to hurriedly exited the premises whether by fire or an infamous Rye, New York flood.

9.     In or about 2008 in the midst of the sub-prime mortgage crisis, upon
information and belief, Federal defendant Petrucelli's business suffered wherein
seeking to refinance the property Petrucelli requested Lamont's signature on
mortgage papers to take advantage of Lamont's 750 credit rating.

10.    In or about August 2011, the remnants of the sub-prime mortgage crisis
affected Lamont's business wherein he exited the premises.

11.    In or about September 2011, Lamont was blocked from the retrieving
personal property from the premises by counsel to Federal defendant Petrucelli,
Acocella Law Group.

12.    In or about October 2011, Plaintiff passed by the premises and noticed that
wooden flower boxes and two mahogany Adirondack chairs were missing

13.    In or about December 2011, Lamont passed by the premises accompanied by
Gwendolyn S. Hughes, a friend of Lamont and longtime Rye, New York resident to
witness movers removing the personal property from the premises.  When Hughes
questioned the movers, they stated "the property is going into storage."

14.    Year in and year out, Lamont sent messages by electronic mail to Federal
defendant Petrucelli requesting a schedule to recover the personal property, never
receiving a reply.

15.    On February 23, 2018, Lamont made a demand for the return of property by
April 1, 2018 which was ignored by the Federal defendants; thereafter Lamont

extended the demanded for date until April 15, 2018 which went ignored that leads this Complaint.

16.    While by the seven rooms of expensive furniture that was converted injures Lamont, the *priceless* property is:

        a.  Wedding and honeymoon picture albums which are the only pictures Lamont possesses of his late wife, Jennifer S. Lamont, M.D. who expired from breast cancer at the age of 37 on December 11, 2003; and

        b.  Birth and first days at home videos of SL and Dr. Lamont where without such property, SL will never see his late Mother again in pictures or live video.

**CONVERSION OF PROPERTY -- LEGAL STANDARD**

17.    Conversion is an intentional tort. It is, "taking with the intent of exercising over the chattel an ownership inconsistent with the real owner's right of possession" See *Fouldes v Willoughby* (1841) 8 M&W 540

18.    The elements of conversion are: (i) Intent to convert the tangible or intangible property of another to one's own possession and use, (ii) The property in question is subsequently converted. See *Hartford Financial Corp. v. Burns*, 96 Cal. App.3d 591, 158 Cal. Rptr. 169, 27 U.C.C.R.S. 831, *Brown v. Meyer*, 580 S.W.2d 533, *Gebhart v. D. A. Davidson & Co.*, 661 P.2d 855, 18 Am. Jur.2d Conversion § 2

19.     In another formulation, it has been stated that one claiming conversion must show a tortious conversion of the chattel, a right to property in it, and a right to immediate possession which is absolute, unconditional, and not dependent upon the performance of some act. See *Jenson v. Chicago & W. I. R. Co.*, 94 Ill. App.3d 915, 50 Ill Dec. 470, 419 N.E.2d 578, Prosser and Keeton, p. 88

**The Amount in Controversy**

20.     The amount in controversy—the amount Plaintiff claims the Federal defendants owes or the amount at stake—is more than $75,000, not counting interest and costs of court, as evidenced by the property list attached herein as Exhibit "A"

21.     It is academic that: high end hand appliances, high end 12 place setting flatware, high end carving set and butcher block, 2 sets of 12 place setting china, Sony Scenium HDTV, an Xbox 360 game console and video games, a Kittinger writing desk, and a Pottery Barn bedroom set, *inter alia,* are all ripe for ease of conversion.

**Statement of Claim**

22.     The property that owned by Plaintiff and its value that is the subject of this Complaint, can be identified by Exhibit "A".

23.     Plaintiff came to own the property for cash and credit purchase beginning in 1991 after his graduation from Columbia University Graduate School of Business Administration.

24.   The Federal defendants obtained possession of the property on April 15, 2018.

25.   In describing with particularity, the actions the Federal defendant took to convert the property was the ignorance of Plaintiff's Demand Letter to return the property of February 23, 2018 by April 15, 2018.

26.   Attached to Plaintiff's February 23, 2018 Demand Letter was a list of property belonging to Plaintiff; Plaintiff reserves the right to include other property so converted as best his recollection allows.

27.   Upon information and belief, Federal defendant Petrucelli has converted the personal property of Lamont for the benefit of himself, his wife, and his son.

**COUNT ONE**

**CONVERSION OF PERSONAL PROPERTY**

(Federal Defendant John Petrucelli)

28.   Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "27", as though fully set forth herein.

29.   The Federal defendant acted in bad faith and in a grossly irresponsible manner without due consideration for the standards ordinarily followed by responsible parties and amounts to at least conversion of personal property.

30.   As a result of the Federal Defendant's acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of

**FIVE MILLION DOLLARS** ($5,000,000) as well as punitive damages, costs, and attorney's fees.

## DAMAGES

31.    As established above, in these instances, Federal Defendant John Petrucelli portrays himself as an unrepentant, recidivist, and perpetrator of conversion of personal property.

32.    As a result of the Federal Defendant's acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **FIVE MILLION DOLLARS** ($5,000,000) as well as punitive damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that Judgment be entered against the Federal defendant in the amount of **FIVE MILLION DOLLARS** ($5,000,000) for emotional distress damages, as well as punitive damages, costs, and attorney's fees.

DATED: Santa Clara, Cal.
July 12, 2018

<u>For Plaintiff</u>
*P. Stephen Lamont*
P. Stephen Lamont, Pro Se
Santa Clara, Cal.
Tel: +1 (914) 217-0038
Email: p.stephen.lamont@gmail.com

EXHIBIT "A"

PERSONAL PROPERTY – 35 LOCUST AVENUE

CONTACT:

JOHN PETRUCELLI

LIVING ROOM

1. ONE (1) UPRIGHT PIANO
2. SONY SCENIUM HDTV
3. MICROSOFT XBOX 360
4. THREE (3) PIECE STEREO – SAE RECEIVER, SAE TUNER, SONY CD PLAYER
5. TWO (2) QUEEN'S ANNE END TABLES WITH GOLD INLAY
6. TWO HANDCARVED QUEEN'S ANNE CHAIRS
7. THREE (3) PIECE ETHAN ALLEN ENTERTAINMENT CENTER (with DVD's, CD's)
8. ONE (1) ETHAN ALLEN TABLE
9. THREE (3) STIFFEL LAMPS

DINING ROOM

1. TWO (2) SETS OF CHINA – TWELVE PLACE SETTINGS
2. DINING ROOM TABLE/4 CHAIRS
3. TWO (2) SETS OF ESPRESSO CUPS – FOUR PLACE SETTINGS

KITCHEN/BUTLER PANTRY

1. ONE (1) SET OF DAY PLATES – 12 PLACE SETTINGS – BIRDHOUSE DESIGN
2. ONE (1) SET OF UTENSILS – 12 PLACE SETTINGS – MACY'S HIGH END
3. ONE SET OF KNIVES AND BUTCHER BLOCK – HIGH END
4. ONE JACK LALANE FRUIT/VEGETABLE JUICER
5. BIRDHOUSE KITCHEN SET
6. POTS AND PANS

MASTER BEDROOM

1. SIX (6) PIECE BEDROOM SET (2 NIGHT TABLES, HEADBOARD, 2 DRESSER DRAWERS, WALL MIRROR)
2. ONE (1) RALPH LAUREN COMFORTER AND SHEET SET/PILLOWS
3. ONE KITTINGER CHAIR AND DESK SET
4. THREE (3) STIFFEL LAMPS
5. JEWELRY BOX (GOLD MAN'S WEDDING BAND, MOVADO WATCH, IONA PREPARATORY SCHOOL CLASS RING, CORNELL UNIVERSITY CLASS RING, MISCELLANEOUS JEWELRY)

CHILD'S ROOM

1. POTTERY BARN BEDROOM SET
   a. ONE (1) SINGLE BED WITH TRUNDLE
   b. ONE (1) SET "AIRPLANE" COMFORTER AND SHEET SET/PILLOWS
   c. ONE NIGHT TABLE

RECEIVED SDNY DOCKET UNIT 2018 JUL 24 AM 11:07

    d.  ONE CHAIR AND DESK SET
    e.  TWO (2) POTTERY BARN LAMPS
    f.  TWO (2) BOOK CASES
    g.  DRESSER DRAWERS
    h.  TWO ANTIQUE STYLE AIRPLANES ON CEILING

## GUEST ROOM

1. ONE (1) DOUBLE BED
2. ONE (1) BRASS STADING MIRROR
3. COMFORTER AND SHEET SET

## WALK UP ATTIC

1. ONE CHAIR AND DESK SET
2. TWO (2) END TABLES
3. TWO (2) LAMPS
4. TWENTY FIVE (25) BOXES OF BOOKS
5. MISCELLANEOUS BOXES OF MEMORABILIA (CHILD MEMORABILIA GRADE PRE-K TO 4TH GRADE)
6. TWO (2) BOOK CASES
7. HP 3 IN 1 PRINTER, SCANNER, AND FAX MACHINE
8. WEDDING AND HONEYMOON PICTURES
9. SONY CAMCORDER
10. SONY DIGITAL STILL CAMERA

## BASEMENT

1. ONE (1) BURBERRY'S CASHMERE OVER COAT AND SILK SCARF
2. TWO (2) BURBERRY'S RAIN COATS – BEIGE AND BLACK
3. TWO (2) MIZUNO TENNIS RACKETS
4. WASHER/DRYER
5. SIX (6) LENOX CHRISTMAS FIGURINES – LARGE SIZE
6. FOUR (4) HIGH END MACY'S SET OF CHRISTMAS DECORATIONS

## FRONT PORCH

1. FOUR (4) WOODEN FLOWER BOXES
2. SEVEN (7) PIECE WICKER PORCH SET (4 CHAIRS, 2 END TABLES, LOVE SEAT)
3. TWO (2) MAHOGANY ADIRONDECK CHAIRS

## BATHROOM

1. BED, BATH & BEYOND -- TOWELS, LAUNDRY BASKET, SHOWER CURTAIN, WOVEN PEROSNAL ITEMS BOX

## OTHER

1. NINE (9) PAIRS MACY'S HIGH END SHEAR CURTAINS (FLOOR LENGTH/2 PANEL PER PAIR/WITH VALENCES)

2.  2 POLO PRINTS IN FRAMES
3.  DOCUMENTS IN FRAMES – FIRST FRONT PAGES OF THE WALL STREET JOURNAL, FINANCIAL TIMES
4.  THREE (3) AT&T SPEAKERPHONES
5.  LINKSYS ROUTER

El Camino Rd

Clara, CA 95___

USMP3
SDNY